UNITED STATES DISTRICT COURT     **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 16-7552 DMG (JEMx)** | Date | November 18, 2016 |
|---|---|---|---|

| Title | *Harry M. Fox v. J.P. Morgan Chase Bank, et al.* | Page | 1 of 3 |
|---|---|---|---|

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION TO REMAND, DEFENDANTS' MOTION TO DISMISS, AND PLAINTIFF'S *EX PARTE* APPLICATION [9, 16, 17]**

      Defendants JP Morgan Chase Bank, N.A., California Reconveyance Company, and U.S. Bank National Association removed this action to this Court from Los Angeles County Superior Court. ("Removal Notice") [Doc. # 1.] Plaintiff Harry M. Fox now moves to remand this action back to state court on the ground that Defendants failed to demonstrate federal question jurisdiction. [Doc. # 16.] Also pending before this Court are Defendants' motion to dismiss Fox's Second Amended Complaint ("SAC") [Doc. # 9] and Fox's *ex parte* application to stay the case pending the resolution of his remand motion [Doc. # 17]. Having duly considered the parties' written submissions, the Court issues the following decision.

**I.
LEGAL STANDARD**

      A defendant may remove an action to federal court only where there is either complete diversity among the parties or federal question jurisdiction. 28 U.S.C. § 1441. "The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citation omitted). Courts strictly construe the removal statute against removal jurisdiction and remand the case if there is any doubt as to the defendant's right to removal. *See Geographic Expeditions, Inc. v. Est. of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*)) (internal quotation marks omitted).

**II.
DISCUSSION**

      Federal question jurisdiction exists over all civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. "For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial

UNITED STATES DISTRICT COURT     JS-6 / REMAND
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.    **CV 16-7552 DMG (JEMx)**             Date   November 18, 2016

Title    *Harry M. Fox v. J.P. Morgan Chase Bank, et al.*          Page   2 of 3

question of federal law. *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (citations omitted). The relevant question in determining the existence of a substantial federal issue is whether a state law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Engineering & Mfg.*, 545 U.S. 308, 314 (2005).

Here, Fox alleges only state law claims, including one for negligence. *See* SAC [Doc. # 1.] Fox does not allege diversity of citizenship. Defendants nonetheless argue that this Court has federal question jurisdiction over this case because Fox's negligence claim depends upon the resolution of a substantial question of federal law: it is "predicated on whether [JPMorgan] owed [Fox] a duty pursuant to 26 U.S.C. § 6050H." Removal Notice ¶ 8; Opp. at 5 [Doc. # 19]. Fox alleges that under section 6050H, JPMorgan, as Fox's loan servicer, "ha[d] a legal duty under § 6050H to calculate and report [Plaintiff's mortgage interest payment] amounts accurately." SAC ¶¶ 223-224. Fox alleges that Defendants breached their duty when they failed to accurately report the amounts on 1098 forms with the IRS. *Id.* ¶ 225. According to Defendants, federal question jurisdiction exists because the negligence claim "necessarily raises a federal issue" insofar as it requires, for instance, a "complex interpretation of the requirements of section 6050H and an analysis of whether Defendants' reports to the IRS were indeed accurate." Opp. at 6, 8.

The Court disagrees and finds that the SAC presents no disputed or substantial issue that implicates federal law.

As an initial matter, the mere fact that a complaint references a federal statute is not enough to raise a substantial question of federal law. *See, e.g.*, *Nevada v. Bank of America Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (no federal question jurisdiction where "the federal issues . . . [were] not 'pivotal' to [Plaintiff's] case"). Plaintiff indeed leaves open the possibility that the source of JPMorgan's alleged duty of care may exist elsewhere. SAC ¶ 223 ("Plaintiff alleges Chase as the alleged Servicer has a duty of care to report his payments accurately, including *but not limited* to proper reporting to the IRS pursuant to 26 U.S.C. § 6050H.") (emphasis added).

In any event, Fox's negligence claim incorporates a federal standard of care, only one element of the state law claim. This is not enough to create federal question jurisdiction. *See, e.g., Stevens v. Moore*, 2015 U.S. Dist. LEXIS 48457, at *13 (E.D. Cal. Apr. 13, 2015), *report and recommendation adopted*, No. 14-CV-01701 AWI (E.D. Cal. May 5, 2015) (remanding case even though negligence claim applies a standard of care established by a federal statute, the Air Carrier Access Act). Fox must still turn to California tort law to prove the elements of breach, causation, and damages. *Cf. Gilstrap v. United Air Lines, Inc.*, 709 F.3d 995, 1006-1007 (9th

UNITED STATES DISTRICT COURT  **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

Case No.  **CV 16-7552 DMG (JEMx)**                                    Date   November 18, 2016

Title   *Harry M. Fox v. J.P. Morgan Chase Bank, et al.*                          Page   3 of 3

Cir. 2013) (finding that while federal statute preempted the standard of care in negligence claim, state law still governs other negligence elements).  Put differently, the fact that a state law claim involves a federal element will not "suffice to open the 'arising under' door."  *Grable*, 545 U.S. at 313; *Wander v. Kaus*, 304 F. 3d 856, 859 (9th Cir. 2002) ("Federal-question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim.").

Accordingly, because Defendants have not shown that a substantial issue implicating federal law exists, and given the strong presumption against removal jurisdiction, the Court **GRANTS** Fox's motion to remand.

**B.     Costs and Fees**

Fox has requested attorney's fees and costs pursuant to 28 U.S.C. § 1447(c).  Mot. at 11-12.  Section 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  Except in "unusual circumstances," a court may award fees under Section 1447(c) "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).

Under the circumstances of this case, the Court declines to award attorney's fees and costs.

**IV.
CONCLUSION**

In light of the foregoing, Fox's motion to remand is **GRANTED** and his request for costs and fees is **DENIED**.  This case is hereby **REMANDED** to the Los Angeles County Superior Court.  Accordingly, Fox's *ex parte motion* to stay this action [Doc # 17] is **DENIED** as moot.  Likewise, Defendants' motion to dismiss Fox's SAC [Doc. # 9] is **DENIED without prejudice** as moot.

**IT IS SO ORDERED.**